2:25-cv-01894-GMN-EJY

> FILED ___ RECEIVED
> ENTERED ___ SERVED ON
> COUNSEL/PARTIES OF RECORD
>
> OCT 06 2025
>
> CLERK US DISTRICT COURT
> DISTRICT OF NEVADA
> No. 25-cv-_____
> BY: _____ Ammi _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Federal Trade Commission, and

State of Nevada,

        Plaintiffs,

    v.

American Tax Service LLC, et al.,

        Defendants.

**FILED UNDER SEAL**

*Ex Parte* Temporary
Restraining Order with Asset Freeze,
Appointment of a Temporary Receiver,
and Other Equitable Relief, and Order
to Show Cause Why a Preliminary
Injunction Should Not Issue

Plaintiffs, the Federal Trade Commission and State of Nevada, have filed their

Complaint for Permanent Injunction, Monetary Judgment, and Other Relief pursuant to Section

13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) (Docket No. 1), and

has moved, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order,

asset freeze, other equitable relief, and an order to show cause why a preliminary injunction

should not issue against Defendants. (Docket No. 4.)

## FINDINGS OF FACT

The Court, having considered the Complaint, the *ex parte* Motion for a Temporary

Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in

support thereof, and being otherwise advised, finds that:

    A.    This Court has jurisdiction over the subject matter of this case, and there is good

cause to believe that it will have jurisdiction over all parties hereto and that venue in this district

is proper.

    B.    In numerous instances, Defendants have (1) mailed or caused the mailing of

deceptive and threatening letters that impersonate government tax authorities to solicit inbound

telemarketing calls and (2) made false or misleading statements about their purported tax debt

relief services and the outcomes they can obtain for consumers.

There is good cause to believe that Defendants American Tax Service LLC, American

Tax Solutions, American Tax Solutions LLC, ATS Tax Group LLC, Elite Sales Solutions also

1    d/b/a American Tax Service, GetaTaxLawyer.com LLC, TNT Holdings Group LLC, TNT

2    Services Group LLC, TNT Tax Associates Inc., Terrance Selb, and Tyler Bennett  have engaged

3    in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C.

4    § 45(a), Section 521(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6821(a),

5    Sections 461.2(a) & (b) of the Trade Regulation Rule on Impersonation of Government and

6    Businesses ("Impersonation Rule"), 16 C.F.R. § 461.2(a) & (b), Section 310.3(a)(2)(iii) of the

7    Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.3(a)(2)(iii), and Nevada Revised Statutes

8    ("NRS") §§ 598.0915(5), (9), and 598.0923(1)(c), and that Plaintiffs are therefore likely to prevail

9    on the merits of this action. As demonstrated by consumer and investigator declarations, a

10   former ATS employee declaration, transcripts of undercover calls, and the additional

11   documentation filed by Plaintiffs, Plaintiffs have established a likelihood of success in showing

12   that Defendants have impersonated governmental tax authorities, and made false or misleading

13   statements about the their purported tax debt relief services, including that they will protect

14   consumers from levies and garnishments or will reduce or eliminate consumers' tax debt.

15          C.      There is good cause to believe that immediate and irreparable harm will result

16   from Defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),  Section

17   521(a) of the GLB Act, 15 U.S.C. § 6821(a), Sections 461.2(a) & (b) of the Impersonation Rule,

18   16 C.F.R. § 461.2(a) & (b), Section 310.3(a)(2)(iii) or the TSR, 16 C.F.R. § 310.3(a)(2)(iii), and

19   Nevada Revised Statutes ("NRS") §§ 598.0915(5), (9), and 598.0923(1)(c), unless Defendants are

20   restrained and enjoined by order of this Court.

21          D.      There is good cause to believe that immediate and irreparable damage to the

22   Court's ability to grant effective final relief for consumers – including monetary restitution,

23   rescission, or refunds – will occur from the sale, transfer, destruction or other disposition or

24   concealment by Defendants of their assets or records, unless Defendants are immediately

25   restrained and enjoined by order of this Court; and that, in accordance with Federal Rule of

26   Civil Procedure 65(b) and Local Rule 66-2, the interests of justice require that this Order be

27   granted without prior notice to Defendants. Thus, there is good cause for relieving Plaintiffs of

28

1    the duty to provide Defendants with prior notice of its Motion for a Temporary Restraining

2    Order.

3          E.     Good cause exists for appointing a temporary receiver over the Receivership

4    Entities, freezing Defendants' assets, permitting the Plaintiffs and the Receiver immediate access

5    to the Defendants' business premises, and permitting the Plaintiffs and the Receiver to take

6    expedited discovery.

7          F.     Weighing the equities and considering Plaintiffs' likelihood of ultimate success on

8    the merits, a temporary restraining order with an asset freeze, the appointment of a temporary

9    receiver, immediate access to business premises, expedited discovery, and other equitable relief is

10    in the public interest.

11          G.     This Court has authority to issue this Order pursuant to Section 13(b) of the

12    FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C.

13    § 1651.

14          H.     No security is required of any agency of the United States for issuance of a

15    temporary restraining order. Fed. R. Civ. P. 65(c).

16                                         **DEFINITIONS**

17          For the purpose of this Order, the following definitions apply:

18          A.     **"Collaborative Work Environment"** means any platform, application, product,

19    or system used to communicate, or to create, edit, review, approve, store, organize, share, and

20    access Documents, communications, and information by and among users, including Microsoft

21    SharePoint sites, cloud storage systems (e.g., Google Drive, OneDrive, Dropbox), eRooms,

22    document management systems (e.g., iManage), intranets, chat (e.g., Slack), web content

23    management systems (e.g., Drupal), wikis (e.g., Confluence), work tracking software (e.g., Jira),

24    version control systems (e.g., Github), and blogs.

25          B.     **"Corporate Defendants"** means American Tax Service LLC, American Tax

26    Solutions, American Tax Solutions LLC, ATS Tax Group LLC, Elite Sales Solutions,

27    GetATaxLawyer.com LLC, TNT Holdings Group LLC, TNT Services Group LLC, TNT Tax

28    Associates Inc., and each of their subsidiaries, affiliates, successors, and assigns.

1    C.    **"Defendant(s)"** means Corporate Defendants, and Terrance Selb and Tyler

2    Bennett, individually, collectively, or in any combination.

3    D.    **"Document"** is synonymous in meaning and equal in scope to the usage of

4    "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a),

5    and includes the complete original, including all attachments and copies of all hyperlinked

6    materials (other than hyperlinks to publicly accessible websites), all drafts or prior versions, and

7    any non-identical copy, whether different from the original because of notations on the copy,

8    different metadata, or otherwise, of any item covered by Federal Rule of Civil Procedure

9    34(a)(1)(A), including chats, instant messages, text messages, direct messages, information stored

10   on or sent through social media accounts or messaging or other applications (e.g., Microsoft

11   Teams, Slack), information contained in, hyperlinked to, or sent through Collaborative Work

12   Environments, and information on all devices (including employee-owned devices) used for

13   Defendant-related activity. This includes writings, drawings, graphs, charts, photographs, sound

14   and video recordings, images, Internet sites, web pages, websites, electronic correspondence,

15   contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or

16   printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers,

17   personal and business canceled checks and check registers, bank statements, appointment books,

18   computer records, customer or sales databases and any other electronically stored information,

19   including Documents located on remote servers or cloud computing systems, and other data or

20   data compilations from which information can be obtained directly or, if necessary, after

21   translation into a reasonably usable form.

22   E.    **"Electronic Data Host"** means any person or entity in the business of storing,

23   hosting, or otherwise maintaining electronically stored information. This includes, but is not

24   limited to, any entity hosting a website or server, and any entity providing "cloud based"

25   electronic storage.

26   F.    **"Individual Defendant(s)"** means Terrance Selb and Tyler Bennett, individually,

27   collectively, or in any combination.

28

1     G.     **"Receiver"** means the temporary receiver appointed in Section XI of this Order

2   and any deputy receivers named by the temporary receiver.

3     H.     **"Receivership Entities"** means Corporate Defendants as well as any other

4   entity that has conducted any business related to Defendants' tax debt relief services, including

5   receipt of assets derived from any activity that is the subject of the Complaint in this matter, and

6   that the Receiver determines is controlled or owned by any Defendant.

7                                              **ORDER**

8   **I.     Prohibited Business Activities**

9     **It is therefore ordered** that Defendants, Defendants' officers, agents, employees, and

10   attorneys, and all other persons in active concert or participation with them, who receive actual

11   notice of this Order by personal service or otherwise, whether acting directly or indirectly, in

12   connection with the advertising, marketing, promoting, or offering for sale of any goods or

13   services, are temporarily restrained and enjoined from misrepresenting or assisting others in

14   misrepresenting, expressly or by implication, any material fact, including, but not limited to:

15     A.     Defendants are a federal, state and/or local government entity responsible for tax

16   collection;

17     B.     Defendants are affiliated with a federal, state and/or local government entity

18   responsible for tax collection, including the Internal Revenue Service;

19     C.     Defendants will protect consumers from levies and garnishments;

20     D.     Defendants will reduce or eliminate consumers' tax debt;

21     E.     Defendants will perform work for consumers in furtherance of items (C) and

22   (D);

23     F.     Defendants have resolved tax debts for tens of thousands of clients; and/or

24     G.     Defendants will forward some or all of consumers' payments to the IRS or

25   relevant state tax authority.; and

26     H.     Any other fact material to consumers concerning any good or service, such as:

27   the total costs; any material restrictions, limitations, or conditions; or any material aspect of its

28   performance, efficacy, nature, or central characteristics.

**II.    Prohibition on Release of Customer Information**

**It is further ordered** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, Taxpayer Identification Number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however*, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

**III.    Asset Freeze**

**It is further ordered** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any assets that are:

      1)    owned or controlled, directly or indirectly, by any Defendant;

      2)    held, in part or in whole, for the benefit of any Defendant;

      3)    in the actual or constructive possession of any Defendant; or

      4)    owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset

1    protection trust, or other entity that is directly or indirectly owned,

2    managed or controlled by any Defendant.

3    B.    Opening or causing to be opened any safe deposit boxes, commercial mail boxes,

4    or storage facilities titled in the name of any Defendant or subject to access by any Defendant,

5    except as necessary to comply with written requests from the Receiver acting pursuant to its

6    authority under this Order.

7    C.    Incurring charges or cash advances on any credit, debit, or ATM card issued in

8    the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or

9    other entity directly or indirectly owned, managed, or controlled by any Defendant or of which

10    any Defendant is an officer, director, member, or manager. This includes any corporate

11    bankcard or corporate credit card account for which any Defendant is, or was on the date that

12    this Order was signed, an authorized signor.

13    D.    Cashing any checks or depositing any money orders or cash received from

14    consumers, clients, or customers of any Defendant.

15    The assets affected by this Section include: (1) all assets of Defendants as of the time

16    this Order is entered; and (2) assets obtained by Defendants after this Order is entered if those

17    assets are derived from any activity that is the subject of the Complaint in this matter or that is

18    prohibited by this Order. This Section does not prohibit any transfers to the Receiver or

19    repatriation of foreign assets specifically required by this order.

20    **IV.    Duties of Asset Holders and Other Third Parties**

21    **It is further ordered** that any financial or brokerage institution, Electronic Data Host,

22    credit card processor, payment processor, merchant bank, acquiring bank, independent sales

23    organization, third party processor, payment gateway, insurance company, business entity, or

24    person who receives actual notice of this Order (by service or otherwise) that:

25    a)    has held, controlled, or maintained custody, through an account or

26    otherwise, of any Document on behalf of any Defendant or any asset

27    that has been: owned or controlled, directly or indirectly, by any

28    Defendant; held, in part or in whole, for the benefit of any Defendant; in

7

the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

c) has extended credit to any Defendant, including through a credit card account;

must:

A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or asset, as well as all Documents or other property related to such assets, except by further order of this Court; *provided, however*, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit.

B.    Deny any person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant.

C.    Provide Plaintiffs' counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each asset or account covered by this Section:

1)    The identification number of each such account or asset;

2)   The balance of each such account, or a description of the nature and
value of each such asset as of the close of business on the day on which
this Order is served, and, if the account or other asset has been closed or
removed, the date closed or removed, the total funds removed in order to
close the account, and the name of the person or entity to whom such
account or other asset was remitted; and

3)   The identification of any safe deposit box, commercial mail box, or
storage facility that is either titled in the name, individually or jointly, of
any Defendant, or is otherwise subject to access by any Defendant.

D.   Upon the request of Plaintiffs' counsel or the Receiver, promptly provide
Plaintiffs' counsel and the Receiver with copies of all records or other Documents pertaining to
each account or asset covered by this Section, including originals or copies of account
applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and
from the accounts, including wire transfers and wire transfer instructions, all other debit and
credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records
pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

*Provided, however*, that this Section does not prohibit any transfers to the Receiver or
repatriation of foreign assets specifically required by this order.

**V.   Financial Disclosures**

**It is further ordered** that each Defendant, within five (5) days of service of this Order
upon them, must prepare and deliver to Plaintiffs' counsel and the Receiver Completed financial
statements on the forms attached to this Order as Attachment A (Financial Statement of
Individual Defendant) for each Individual Defendant, and Attachment B (Financial Statement
of Corporate Defendant) for each Corporate Defendant.

## VI.    Foreign Asset Repatriation

**It is further ordered** that within five (5) days following the service of this Order, each Defendant must:

A.    Provide Plaintiffs' counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant.

B.    Take all steps necessary to provide Plaintiffs' counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as Attachment C.

C.    Transfer to the territory of the United States all Documents and assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant.

D.    The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiffs of the name and location of the financial institution or other entity that is the recipient of such Documents or assets; and (2) serve this Order on any such financial institution or other entity.

## VII.    Non-Interference With Repatriation

**It is further ordered** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

restrained and enjoined from taking any action, directly or indirectly, which may result in the

encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by

this Order, including, but not limited to:

A.    Sending any communication or engaging in any other act, directly or indirectly,

that results in a determination by a foreign trustee or other entity that a "duress" event has

occurred under the terms of a foreign trust agreement until such time that all Defendants' assets

have been fully repatriated pursuant to this Order.

B.    Notifying any trustee, protector or other agent of any foreign trust or other

related entities of either the existence of this Order, or of the fact that repatriation is required

pursuant to a court order, until such time that all Defendants' assets have been fully repatriated

pursuant to this Order.

## VIII.    Consumer Credit Reports

**It is further ordered** that Plaintiffs may obtain credit reports concerning any

Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.

1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports

are requested must provide them to Plaintiffs.

## IX.    Preservation of Records

**It is further ordered** that Defendants, Defendants' officers, agents, employees, and

attorneys, and all other persons in active concert or participation with any of them, who receive

actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

restrained and enjoined from:

A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering,

transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that

relate to:

1)    the business, business practices, assets, or business or personal finances of

any Defendant;

2)    the business practices or finances of entities directly or indirectly under

the control of any Defendant; or

1            3)      the business practices or finances of entities directly or indirectly under

2                     common control with any other Defendant.

3        B.      Failing to create and maintain Documents that, in reasonable detail, accurately,

4 fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of

5 Defendants' assets.

6        **X.**     **Report of New Business Activity**

7         **It is further ordered** that Defendants, Defendants' officers, agents, employees, and

8 attorneys, and all other persons in active concert or participation with any of them, who receive

9 actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

10 restrained and enjoined from creating, operating, or exercising any control over any business

11 entity, whether newly formed or previously inactive, including any partnership, limited

12 partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiffs'

13 counsel and the Receiver with a written statement disclosing:

14            1)      the name of the business entity;

15            2)      the address and telephone number of the business entity;

16            3)      the names of the business entity's officers, directors, principals, managers,

17                     and employees; and

18            4)      a detailed description of the business entity's intended activities.

19    **XI.**   **Temporary Receiver**

20         **It is further ordered** that Stephen J. Donell of FedReceiver, Inc., is appointed as

21 temporary receiver of the Receivership Entities with full powers of an equity receiver. The

22 Receiver is solely the agent of this Court in acting as Receiver under this Order.

23    **XII.**  **Duties and Authority of Receiver**

24         **It is further ordered** that the Receiver is directed and authorized to accomplish the

25 following:

26        A.      Assume full control of Receivership Entities by removing, as the Receiver deems

27 necessary or advisable, any director, officer, independent contractor, employee, attorney, or

28

1    agent of any Receivership Entity from control of, management of, or participation in, the affairs

2    of the Receivership Entity.

3        B.    Take exclusive custody, control, and possession of all assets and Documents of,

4    or in the possession, custody, or under the control of, any Receivership Entity, wherever situated.

5        C.    Take exclusive custody, control, and possession of all Documents or assets

6    associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever

7    situated, including reserve funds held by payment processors, credit card processors, merchant

8    banks, acquiring banks, independent sales organizations, third party processors, payment

9    gateways, insurance companies, or other entities.

10       D.    Conserve, hold, manage, and prevent the loss of all assets of the Receivership

11   Entities, and perform all acts necessary or advisable to preserve the value of those assets. The

12   Receiver will assume control over the income and profits therefrom and all sums of money now

13   or hereafter due or owing to the Receivership Entities. The Receiver has full power to sue for,

14   collect, and receive, all assets of the Receivership Entities and of other persons or entities whose

15   interests are now under the direction, possession, custody, or control of, the Receivership

16   Entities. Provided, however, that the Receiver may not attempt to collect any amount from a

17   consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted

18   from the deceptive acts or practices or other violations of law alleged in the Complaint in this

19   matter, without prior Court approval.

20       E.    Obtain, conserve, hold, manage, and prevent the loss of all Documents of the

21   Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.

22   The Receiver must: divert mail; preserve all Documents of the Receivership Entities that are

23   accessible via electronic means (such as online access to financial accounts and access to

24   electronic documents held onsite or by Electronic Data Hosts, by changing usernames,

25   passwords or other log-in credentials; take possession of all electronic Documents of the

26   Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all

27   such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose

28   of obtaining electronic documents stored onsite or remotely.

1    F.    Choose, engage, and employ attorneys, accountants, appraisers, and other

2    independent contractors and technical specialists, as the Receiver deems advisable or necessary

3    in the performance of duties and responsibilities under the authority granted by this Order.

4    G.    Make payments and disbursements from the receivership estate that are necessary

5    or advisable for carrying out the directions of, or exercising the authority granted by, this Order,

6    and to incur, or authorize the making of, such agreements as may be necessary and advisable in

7    discharging his or her duties as Receiver. The Receiver must apply to the Court for prior

8    approval of any payment of any debt or obligation incurred by the Receivership Entities prior to

9    the date of entry of this Order, except payments that the Receiver deems necessary or advisable

10    to secure assets of the Receivership Entities, such as rental payments.

11    H.    Take all steps necessary to secure and take exclusive custody of each location

12    from which the Receivership Entities operate their businesses. Such steps may include, but are

13    not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing

14    the location by changing the locks and alarm codes and disconnecting any internet access or

15    other means of access to the computers, servers, internal networks, or other records maintained

16    at that location; and (2) requiring any persons present at the location to leave the premises, to

17    provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of

18    the Receiver that such persons are not removing from the premises Documents or assets of the

19    Receivership Entities. Law enforcement personnel, including, but not limited to, police or

20    sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and

21    maintain security. If requested by the Receiver, the United States Marshal will provide

22    appropriate and necessary assistance to the Receiver to implement this Order and is authorized

23    to use any necessary and reasonable force to do so.

24    I.    Take all steps necessary to prevent the modification, destruction, or erasure of

25    any web page or website registered to and operated, in whole or in part, by any Defendants, and

26    to provide access to all such web page or websites to Plaintiffs' representatives, agents, and

27    assistants, as well as Defendants and their representatives.

28    J.    Enter into and cancel contracts and purchase insurance as advisable or necessary.

K.    Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities.

L.    Make an accounting, as soon as practicable, of the assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties.

M.    Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers.

N.    Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order.

O.    Open one or more bank accounts at designated depositories for funds of the Receivership Entities. The Receiver must deposit all funds of the Receivership Entities in such designated accounts and must make all payments and disbursements from the receivership estate from such accounts. The Receiver must serve copies of monthly account statements on all parties.

P.    Maintain accurate records of all receipts and expenditures incurred as Receiver.

Q.    Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access is to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents. The Receiver has the discretion to determine the time, manner, and reasonable conditions of such access.

R.      Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities.

S.      Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency.

T.      Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably.

U.      If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity.

V.      If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

## XIII.    Transfer of Receivership Property to Receiver

**It is further ordered** that Defendants and any other person, with possession, custody or control of property of, or records relating to, the Receivership Entities must, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.    All assets held by or for the benefit of the Receivership Entities.

B.    All Documents or assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities.

C.    All Documents of or pertaining to the Receivership Entities.

D.    All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities.

E.    All assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities.

F.    All keys, codes, user names and passwords necessary to gain or to secure access to any assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

**XIV.    Provision of Information to Receiver**

**It is further ordered** that Defendants must immediately provide to the Receiver:

A.    A list of all assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity.

B.    A list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities.

1      C.    A description of any documents covered by attorney-client privilege or attorney

2  work product, including files where such documents are likely to be located, authors or

3  recipients of such documents, and search terms likely to identify such electronic documents.

4  **XV.    Cooperation With the Receiver**

5      **It is further ordered** that Defendants; Receivership Entities; Defendants' or

6  Receivership Entities' officers, agents, employees, and attorneys, all other persons in active

7  concert or participation with any of them, and any other person with possession, custody, or

8  control of property of or records relating to the Receivership entities who receive actual notice

9  of this Order must fully cooperate with and assist the Receiver. This cooperation and assistance

10  includes, but is not limited to, providing information to the Receiver that the Receiver deems

11  necessary to exercise the authority and discharge the responsibilities of the Receiver under this

12  Order; providing any keys, codes, user names and passwords required to access any computers,

13  electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account

14  (including specific method to access account) or electronic file in any medium; advising all

15  persons who owe money to any Receivership Entity that all debts should be paid directly to the

16  Receiver; and transferring funds at the Receiver's direction and producing records related to the

17  assets and sales of the Receivership Entities.

18  **XVI.   Non-Interference With the Receiver**

19      **It is further ordered** that Defendants; Receivership Entities; Defendants' or

20  Receivership Entities' officers, agents, employees, attorneys, and all other persons in active

21  concert or participation with any of them, who receive actual notice of this Order, and any

22  other person served with a copy of this Order, are hereby restrained and enjoined from directly

23  or indirectly:

24      A.    Interfering with the Receiver's efforts to manage, or take custody, control, or

25  possession of, the assets or Documents subject to the receivership.

26      B.    Transacting any of the business of the Receivership Entities.

27

28

1       C.     Transferring, receiving, altering, selling, encumbering, pledging, assigning,

2  liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or

3  custody of, or in which an interest is held or claimed by, the Receivership Entities.

4       D.     Refusing to cooperate with the Receiver or the Receiver's duly authorized agents

5  in the exercise of their duties or authority under any order of this Court.

6  **XVII.  Stay of Actions**

7       **It is further ordered** that, except by leave of this Court, during the pendency of the

8  receivership ordered herein, Defendants, Defendants' officers, agents, employees, attorneys, and

9  all other persons in active concert or participation with any of them, who receive actual notice

10  of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors,

11  creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any

12  claim, right, or interest against or on behalf of Defendants, and all others acting for or on

13  behalf of such persons, are hereby enjoined from taking action that would interfere with the

14  exclusive jurisdiction of this Court over the assets or Documents of the Receivership Entities,

15  including, but not limited to:

16       A.     Filing or assisting in the filing of a petition for relief under the Bankruptcy Code,

17  11 U.S.C. § 101 et seq., or of any similar insolvency proceeding on behalf of the Receivership

18  Entities.

19       B.     Commencing, prosecuting, or continuing a judicial, administrative, or other action

20  or proceeding against the Receivership Entities, including the issuance or employment of

21  process against the Receivership Entities, except that such actions may be commenced if

22  necessary to toll any applicable statute of limitations.

23       C.     Filing or enforcing any lien on any asset of the Receivership Entities, taking or

24  attempting to take possession, custody, or control of any asset of the Receivership Entities; or

25  attempting to foreclose, forfeit, alter, or terminate any interest in any asset of the Receivership

26  Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

27       *Provided, however*, that this Order does not stay:

28           1)     the commencement or continuation of a criminal action or proceeding;

2)  the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

3)  the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

**XVIII.  Compensation of Receiver**

**It is further ordered** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Receivership Entities. The Receiver must file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver may not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**XIX.  Receiver's Bond**

**It is further ordered** that the Receiver must file with the Clerk of this Court a bond in the sum of $25,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. 28 U.S.C. § 754.

**XX.  Immediate Access to Business Premises and Records**

**It is further ordered** that:

A.  In order to allow Plaintiffs and the Receiver to preserve assets and evidence relevant to this action and to expedite discovery, Plaintiffs and the Receiver, and their representatives, agents, contractors, and assistants, may have immediate access to the business premises and storage facilities, owned, controlled, or used by the Receivership Entities. Such locations include, but are not limited to, 101 Convention Center Dr., Suite 1200, Las Vegas,

1  Nevada 89109, 6255 W. Sunset Blvd., Suite 650/850, Los Angeles, CA 90028, and 1055 W. 7th

2  St., Suite 1600, Los Angeles, California 90017, and any offsite location or commercial mailbox

3  used by the Receivership Entities. The Receiver may exclude Defendants, Receivership Entities,

4  and their employees from the business premises during the immediate access.

5        B.     Plaintiffs and the Receiver, and their representatives, agents, contractors, and

6  assistants, are authorized to remove Documents from the Receivership Entities' premises in

7  order that they may be inspected, inventoried, and copied. Plaintiffs must return any removed

8  materials to the Receiver within five (5) business days of completing inventorying and copying,

9  or such time as is agreed upon by Plaintiffs and the Receiver.

10        C.     Plaintiffs' access to the Receivership Entities' documents pursuant to this Section

11  does not provide grounds for any Defendant to object to any subsequent request for documents

12  served by Plaintiffs.

13        D.     Plaintiffs and the Receiver, and their representatives, agents, contractors, and

14  assistants, are authorized to obtain the assistance of federal, state and local law enforcement

15  officers as they deem necessary to effect service and to implement peacefully the provisions of

16  this Order.

17        E.     If any Documents, computers, or electronic storage devices containing

18  information related to the business practices or finances of the Receivership Entities are at a

19  location other than those listed herein, including personal residence(s) of any Defendant, then,

20  immediately upon receiving notice of this order, Defendants and Receivership Entities must

21  produce to the Receiver all such Documents, computers, and electronic storage devices, along

22  with any codes or passwords needed for access. In order to prevent the destruction of computer

23  data, upon service of this Order, any such computers or electronic storage devices must be

24  powered down in the normal course of the operating system used on such devices and may not

25  be powered up or used until produced for copying and inspection.

26        F.     If any communications or records of any Receivership Entity are stored with an

27  Electronic Data Host, such Entity must, immediately upon receiving notice of this order,

28  provide the Receiver with the username, passwords, and any other login credential needed to

1  access the communications and records, and must not attempt to access, or cause a third-party

2  to attempt to access, the communications or records.

3  **XXI.    Distribution of Order by Defendants**

4      **It is further ordered** that Defendants must immediately provide a copy of this Order to

5  each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director,

6  employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and

7  representative of any Defendant, and must, within ten (10) days from the date of entry of this

8  Order, and provide Plaintiffs and the Receiver with a sworn statement that this provision of the

9  Order has been satisfied, which statement must include the names, physical addresses, phone

10  number, and email addresses of each such person or entity who received a copy of the Order.

11  Furthermore, Defendants must not take any action that would encourage officers, agents,

12  members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries,

13  affiliates, successors, assigns or other persons or entities in active concert or participation with

14  them to disregard this Order or believe that they are not bound by its provisions.

15  **XXII.    Expedited Discovery**

16      **It is further ordered** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d)

17  and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiffs and the

18  Receiver are granted leave, at any time after service of this Order, to conduct limited expedited

19  discovery for the purpose of discovering:

20          1)      the nature, location, status, and extent of Defendants' assets;

21          2)      the nature, location, and extent of Defendants' business transactions and

22                  operations;

23          3)      Documents reflecting Defendants' business transactions and operations;

24                  or

25          4)      compliance with this Order.

26  The limited expedited discovery set forth in this Section will proceed as follows:

27      A.      Plaintiffs and the Receiver may take the deposition of parties and non-parties.

28  Forty-eight (48) hours' notice is sufficient notice for such depositions. The limitations and

1  conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure

2  regarding subsequent depositions of an individual do not apply to depositions taken pursuant to

3  this Section. Any such deposition taken pursuant to this Section will not be counted towards the

4  deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by

5  telephone or other remote electronic means.

6        B.    Plaintiffs and the Receiver may serve upon parties requests for production of

7  Documents or inspection that require production or inspection within five (5) days of service,

8  provided, however, that three (3) days of notice will be deemed sufficient for the production of

9  any such Documents that are maintained or stored only in an electronic format.

10        C.    Plaintiffs and the Receiver may serve upon parties interrogatories that require

11  response within five (5) days after Plaintiffs serve such interrogatories.

12        D.    The Plaintiffs and the Receiver may serve subpoenas upon non-parties that direct

13  production or inspection within five (5) days of service.

14        E.    Service of discovery upon a party to this action, taken pursuant to this Section, is

15  sufficient if made by facsimile, email, or by overnight delivery.

16        F.    Any expedited discovery taken pursuant to this Section is in addition to, and is

17  not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the

18  Local Rules of this Court. The expedited discovery permitted by this Section does not require a

19  meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil

20  Procedure.

21        G.    The Parties are exempted from making initial disclosures under Fed. R. Civ. P.

22  26(a)(1) until further order of this Court.

23  **XXIII.  Service of This Order**

24        **It is further ordered** that copies of this Order as well as the Motion for Temporary

25  Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously

26  with that Motion (other than the complaint and summons), may be served by any means,

27  including facsimile transmission, electronic mail or other electronic messaging, personal or

28  overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiffs, by any law

1   enforcement agency, or by private process server, upon any Defendant or any person (including

2   any financial institution) that may have possession, custody or control of any asset or Document

3   of any Defendant, or that may be subject to any provision of this Order pursuant to Rule

4   65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any

5   branch, subsidiary, affiliate or office of any entity will effect service upon the entire entity.

6   **XXIV.   Correspondence and Service on Plaintiffs**

7          **It is further ordered** that, for the purpose of this Order, all correspondence and service

8   of pleadings on Plaintiffs must be addressed to:

9                          Simon Barth and James Evans
                           Federal Trade Commission
10                         600 Pennsylvania Ave., NW, CC-6316/1144
                           Washington, DC 20580
11                         (202) 326-3317 / sbarth@ftc.gov
                           (202) 326-2026 / james.evans@ftc.gov
12

13                         Samantha B. Feeley and Ziwei Zheng
                           Office of the Nevada Attorney General
14                         8945 W. Russell Road, Suite 204
                           Las Vegas, NV 89148
15                         (702) 486-3789 / sfeeley@ag.nv.gov
                           (702) 486-6021 / zzheng@ag.nv.gov
16

17  **XXV.    Preliminary Injunction Hearing**

18         **It is further ordered** that, pursuant to Fed. R. Civ. P. 65(b), Defendants must appear

19  before this Court on the 20th day of October, 2025, at 10:00 a.m., to show cause, if there is

20  any, why this Court should not enter a preliminary injunction, pending final ruling on the

21  Complaint against Defendants, enjoining the violations of the law alleged in the Complaint,

22  continuing the freeze of their assets, continuing the receivership, and imposing such additional

23  relief as may be appropriate. The hearing will be held in Las Vegas Courtroom 7D.

24  **XXVI.   Briefs and Affidavits Concerning Preliminary Injunction**

25         **It is further ordered** that:

26         A.      Defendants must file with the Court and serve on Plaintiffs' counsel any

27  answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no

28  later than four (4) days prior to the order to show cause hearing scheduled pursuant to this

1 | Order. Plaintiffs may file responsive or supplemental pleadings, materials, affidavits, or
2 | memoranda with the Court and serve the same on counsel for Defendants no later than one (1)
3 | day prior to the order to show Cause hearing. Provided that such affidavits, pleadings, motions,
4 | expert reports, declarations, legal memoranda or oppositions must be served by personal or
5 | overnight delivery, facsimile or email, and be received by the other party or parties no later than
6 | 5:00 p.m. (Pacific Time) on the appropriate dates set forth in this Section.

7 |      B.    An evidentiary hearing on Plaintiffs' request for a preliminary injunction is not
8 | necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that
9 | raises a genuine and material factual issue. The question of whether this Court should enter a
10 | preliminary injunction may be resolved on the pleadings, declarations, exhibits, and memoranda
11 | filed by, and oral argument of, the parties. Live testimony may be heard only on further order of
12 | this Court. Any motion to permit such testimony must be filed with the Court and served on
13 | counsel for the other parties at least five (5) days prior to the preliminary injunction hearing in
14 | this matter. Such motion must set forth the name, address, and telephone number of each
15 | proposed witness, a detailed summary or affidavit revealing the substance of each proposed
16 | witness's expected testimony, and an explanation of why the taking of live testimony would be
17 | helpful to this Court. Any papers opposing a timely motion to present live testimony or to
18 | present live testimony in response to another party's timely motion to present live testimony
19 | must be filed with this Court and served on the other parties at least three (3) days prior to the
20 | order to show cause hearing.

21 |     *Provided, however,* that service must be performed by personal or overnight delivery,
22 | facsimile or email, and Documents must be delivered so that they are received by the other
23 | parties no later than 5:00 p.m. (Pacific Time) on the appropriate dates provided in this Section.

24 | **XXVII. Duration of the Order**

25 |     **It is further ordered** that this Order expires fourteen (14) days from the date of entry
26 | noted below, unless within such time, the Order is extended for an additional period pursuant to
27 | Fed. R. Civ. P. 65(b)(2).

28 |

## XXVIII. Retention of Jurisdiction

**It is further ordered** that this Court retains jurisdiction of this matter for all purposes.


It is so ordered:


_____

United States District Judge

Dated:    October 7, 2025

# Attachment A

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT**

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

# BACKGROUND INFORMATION

## Item 1.  Information About You

Full Name

Social Security No.

Current Address of Primary Residence

Driver's License No.

State Issued

Phone Numbers
Home: (    )
Fax:  (    )

Date of Birth:    /    /
(mm/dd/yyyy)

Place of Birth

☐ Rent  ☐ Own       From (Date):    /    /
(mm/dd/yyyy)

E-Mail Address

Internet Home Page

### Previous Addresses for past five years (if required, use additional pages at end of form)

Address

From:    /    /
(mm/dd/yyyy)

Until:    /    /
(mm/dd/yyyy)

☐ Rent  ☐ Own

Address

From:    /    /

Until:    /    /

☐ Rent  ☐ Own

Address

From:    /    /

Until:    /    /

☐ Rent  ☐ Own

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

## Item 2.  Information About Your Spouse or Live-In Companion

Spouse/Companion's Name

Social Security No.

Date of Birth
/    /
(mm/dd/yyyy)

Address (if different from yours)

Phone Number
(    )

Place of Birth

☐ Rent  ☐ Own       From (Date):    /    /
(mm/dd/yyyy)

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

Employer's Name and Address

Job Title

Years in Present Job

Annual Gross Salary/Wages
$

## Item 3.  Information About Your Previous Spouse

Name and Address

Social Security No.

Date of Birth
/    /
(mm/dd/yyyy)

## Item 4.  Contact Information (name and address of closest living relative other than your spouse)

Name and Address

Phone Number
(    )

Initials: _____

## Item 5. Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth<br>/    /<br>(mm/dd/yyyy) |
|---|---|---|
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/    /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/    /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/    /<br>(mm/dd/yyyy) |
| | Relationship | |

## Item 6. Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br>$<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br>$<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br>$<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

## Item 7. Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory. *Note: At Item 12, list lawsuits that resulted in final judgments or settlements in your favor. At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

## Item 8. Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Initials: _____

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include <u>ALL</u> assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

## ASSETS

### Item 9. Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit. The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a. Amount of Cash on Hand $ | | Form of Cash on Hand | |
|---|---|---|---|
| b. Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10. Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds. Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | | Loan(s) Against Security $ |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | | Loan(s) Against Security $ |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | | Loan(s) Against Security $ |

Initials: _____

## Item 11. Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## Item 12. Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

## Item 13. Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
| | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
| | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14. Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|---|---|---|---|
| | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
| | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ |

Initials: _____

## Item 15.  Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected  (mm/dd/yyyy) |
|---|---|---|
| | $ | /  / |
| | $ | /  / |
| | $ | /  / |

## Item 16.  Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17.  Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

Initials: _____

## Item 18.  Real Property
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|
| Acquisition Date (mm/dd/yyyy)<br>/    / | Purchase Price<br>$ | Current Value<br>$ | Basis of Valuation |
| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract<br>$ | |
| | | Monthly Payment<br>$ | |
| Other Mortgage Loan(s) (describe) | Monthly Payment<br>$ | ☐ Rental Unit<br><br>Monthly Rent Received<br>$ | |
| | Current Balance<br>$ | | |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|
| Acquisition Date (mm/dd/yyyy)<br>/    / | Purchase Price<br>$ | Current Value<br>$ | Basis of Valuation |
| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract<br>$ | |
| | | Monthly Payment<br>$ | |
| Other Mortgage Loan(s) (describe) | Monthly Payment<br>$ | ☐ Rental Unit<br><br>Monthly Rent Received<br>$ | |
| | Current Balance<br>$ | | |

# LIABILITIES

## Item 19.  Credit Cards
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

## Item 20.  Taxes Payable
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

## Item 21.  Other Amounts Owed by You, Your Spouse, or Your Dependents

List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |
| Date Liability Was Incurred<br>    /    /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
| | Lender/Creditor's Relationship to You | | |
| Date Liability Was Incurred<br>    /    /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |

## OTHER FINANCIAL INFORMATION

## Item 22.  Trusts and Escrows

List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Include any legal retainers being held on your behalf by legal counsel.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | /    / | | | $ |
| | /    / | | | $ |
| | /    / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

## Item 23.  Transfers of Assets

List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties).  For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | /    / | |
| | | $ | /    / | |
| | | $ | /    / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

## Item 24. Document Requests
Provide copies of the following documents with your completed Financial Statement.

| | |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes. You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 22 | All executed documents for any trust or escrow listed in Item 22. Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

# SUMMARY FINANCIAL SCHEDULES

## Item 25. Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | $ | **Total Liabilities** | $ |

## Item 26. Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials: _____

**Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.)**

| | | | |
|---|---|---|---|
| Distributions from Trusts and Estates<br>Source: | $ | Medical Expenses, Including Insurance | $ |
| Distributions from Deferred Income Arrangements<br>Source: | $ | Other Insurance Premiums | $ |
| Social Security Payments | $ | Other Transportation Expenses | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | |
| Gambling Income | $ | | $ |
| **Other Income (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Income** | $ | **Total Expenses** | $ |

# ATTACHMENTS

**Item 27.  Documents Attached to this Financial Statement**
List all documents that are being submitted with this financial statement.  For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____
(Date)

_____
Signature

Attachment B

## FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.   Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.   The font size within each field will adjust automatically as you type to accommodate longer responses.

3.   In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4.   When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5.   Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

6.   Type or print legibly.

7.   An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**        **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____ ____

**Item 2.**        **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status: Active _____ Inactive _____ Dissolved _____

If Dissolved: Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**        **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

**Item 4.**        **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |

**Item 5.**        **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**Item 6.**        **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |
| | |

**Item 7.**        **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____


**Item 8.**        **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____


**Item 9.**        **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |

Initials _____

**Item 10.**        **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |

**Item 11.**        **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
|                                   |                  |
|                                   |                  |
|                                   |                  |
|                                   |                  |

**Item 12.**        **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |

Initials _____

**Item 13.**          **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

**Item 14.**          **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Item 15.**        **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**        **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**        **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

Initials _____

**Item 18.        Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |

**Item 19.        Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|---|---|---|---|---|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

**Item 20.        Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____  Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**Item 21.**        **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____


**Item 22.**        **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Initials _____

**Item 23.**        **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**Item 24.**        **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Initials _____

**Item 25.**        **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**        **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Initials _____

**Item 27.**        **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**        **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

<table>
<tr><td>Name of Credit Card or Store</td><td>Names of Authorized Users and Positions Held</td></tr>
<tr><td>_____</td><td>_____</td></tr>
<tr><td>_____</td><td>_____</td></tr>
<tr><td>_____</td><td>_____</td></tr>
<tr><td>_____</td><td>_____</td></tr>
<tr><td>_____</td><td>_____</td></tr>
</table>

**Item 29.**        **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 30.**    **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

**Item 31.**    **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

**Item 32.**          **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document          Description of Document
      Relates To

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

        I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                                 Signature

                                                       _____
                                                       Corporate Position

# Attachment C

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

**Federal Trade Commission**, and

**State of Nevada**,

    Plaintiffs,

   v.

**American Tax Service LLC, et al.**,

    Defendants.

No. 25-cv-\_\_\_\_\_

**Consent to Release Financial Records**

   I, _____of _____, (City, State), do hereby direct any bank, saving and loan association, credit union, depository institution, finance company, commercial lending company, credit card processor, credit card processing entity, automated clearing house, network transaction processor, bank debit processing entity, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, trustee, or person that holds, controls, or maintains custody of assets, wherever located, that are owned or controlled by me or at which there is an account of any kind upon which I am authorized to draw, and its officers, employees, and agents, to disclose all information and deliver copies of all documents of every nature in its possession or control which relate to the said accounts to any attorney of the Federal Trade Commission or State of Nevada, Office of the Attorney General, and to give evidence relevant thereto, in the matter captioned above, and this is irrevocable authority for so doing.

(continued on next page)

1

1       This direction is intended to apply to the laws of countries other than the United States

2   of America which restrict or prohibit disclosure of bank or other financial information without

3   the consent of the holder of the account, and will be construed as consent with respect hereto,

4   and the same applies to any of the accounts for which I may be a relevant principal.

5

6   Dated: _____

7                                                    _____
                                                              Signature
8

9
                                                     _____
10                                                            Printed Name

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28